FILED
IN CLERKS OFFICE

2004 JAN 20 P 3:14

U.S. DISTRICT COURT
DISTRICT OF MASS.
C.A.NO. 04-10233-KEK

04-10218-MLW
Referred to MJ JL Alexander

DURAN IRVIN, A Massachusetts House
of Correction Inmate at the South Bay
House of Correction.

PLAINTIFF,

v.

ANDREA CABRAWL, MAREE LOCKHART,
MARY ELLEN MASTRORILLI.

DEFENDANT,

COMPLAINT

JURY TRIAL DEMAND

This is a civil rights action filed by Duran Irvin, a House of Correction Inmate, for damages and injunctive relief under 42 U.S.C. § 1983, alleging Failure To Protect, Assault and battery in violation of The Eighth Amendment to the United States Constitution and Deprivation of Exercise in violation of The Due process Clause of The Fourteenth Amendment To The Constitution. The plaintiff also alleges the torts of assault and battery and negligence.

JURISDICTION

1. The Court has Jurisdiction over the plaintiff's claims of violation of Federal Constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2. The Court has supplemental Jurisdiction over the plaintiff's State Law torts Claims under 28 U.S.C. § 1367.

PARTIES

3. The plaintiff, Duran Irvin, is incarcerated at the South Bay House of Correction (S.H.O.C.) during the events described in this complaint.

4. Defendant Andrea Cabral, is the Sheriff of the South Bay House of Correction in charge of overseeing the personnel and administrative staff Level. She is sued in her individual and official capacities.

5. Defendant Marie Lockhart, is the Deputy of operation at the Suffolk County House of Correction (S.C.H.C.) and is generally responsible for ensuring the care and safety of all inmates and staff personnel Level. She is sued in her individual and official capacities.

6. Defendant Mary Ellen Mastrorilli, is the Deputy Superintendent of the Suffolk House of Correction (S.H.O.C.) and is in charge of the supervision and discipline of all Correctional staff at said facility. She is sued in her individual and official capacities.

7. All the Defendants have acted, and continue to act, under COLOR OF STATE LAW at all times relevant to this complaint.

FACTS

8. On December 15, 2003, the plaintiff who is presently in the protective custody unit due to an extensive enemy situation at the Suffolk House of Correction General Population with numerous Inmates. Was told by his unit officer that he had to report to the hospital unit to be seen by medical staff.

9. The plaintiff then refused to go the hospital unit due to the lack of correctional supervision and proximity of Inmates that was and would be in the presence of the plaintiff, and that such mingling of plaintiff and inmates in general population would jeopardize the plaintiff's well being.

10. The Plaintiff was then told by the unit officer mr. Hall, that he had no option to refuse an medical appointment and that he had to sign an medical Inmate waiver form upon his arrival in the hospital unit, in which plaintiff contested, but was threatened with punitive disciplinary action if plaintiff did not comply.

11. The plaintiff then was escorted by a correctional officer to the hospital unit, and was asked to accomodate another Inmate who was waiting to be seen by a nurse sitting on a bench. plaintiff then complied and sat on the bench beside a Inmate from general population, under the impression that he would be closely monitored by correctional staff.

12. The plaintiff who is a protective custody Inmate contested being in the presence of those Inmates residing in general population and that failure of staff to immediately separate plaintiff from the presence of those from general population, would put him in harms way and could result in plaintiff sustaining irreparable harm, and that staff had a duty to protect prisoners from assault by other Inmates.

13. As plaintiff's requests continued to go unanswered by correctional staff who had a duty to protect the plaintiff from physical assault from other Inmates, plaintiff was placed in the presence of numerous Inmate's who were in general

14. population, while Correctional staff who were responsible for overseeing the plaintiff's safety, was occupied taking care of matters in another section of the Jail, subjecting plaintiff to taunts of verbal abuse, verbal assaults and threats of physical violence by inmates who resided in general population of danger no liber.

15. Plaintiff then returned to his unit (1-S-1), and implemented an Institutional Grievance addressed to the Sheriff ms. Andrea Cabral, complaining of the lack of staff escorting protective custody inmates to the hospital unit; and then leaving said inmates alone in the presence of those inmates who resided in general population.

16. The plaintiff has on a daily basis been speaking to several Deputies Superintendants in attempts to bring an end to such a dangerous operation that would result in tragedy by an inmate sustaining serious injuries, and that inmates have been forced to undertake such routine for some time now.

17. On December 3, 2003, the protective custody unit was locked down due to complications with the institutions elevators, in which at such time, all inmates were and continue to be locked down and deprived of showers; Telephone calls; access to the Law Library and Educational programs; and visitation.

18. The plaintiff as well as other inmates of the protective custody unit, have also been subjected to threats of physical assaults; illegal cell searches in result of the disposal and destruction of personal property, and physical abuse and assaults, as well as being verbally abused by numerous Correctional Officers. These acts of defiance by several

19. Correctional officers and further abuse by the Administrative personnel level by continuing to overlook these serious matters, have resulted in an increase of inmate on inmate assaults.

20. The plaintiff who has a pending criminal matter scheduled for Jury Trial, has unsuccessfully been unable to do legal research on his present matters, due to the defendants continued deprivation of plaintiff's entitled Constitutional rights protected by the Constitution.

<u>End of Complaint</u>

<u>Claims For Relief</u>

21. The actions of defendants Cabraul, Lockhart and Mastrorilli, in failing to bring an end to the known pattern of physical and verbal abuse of inmates by Correctional officers constituted deliberate indifference, and contributed to and proximately caused the above described violation of Eighth-Amendment rights and assault and battery.

22. The failure of defendant Cabraul, Lockhart, and Mastrorilli, to separate all protective custody unit inmates from those inmates of general population, constituted deliberate indifference and further denied the plaintiff the Constituted guarantee under the equal protection laws, and displayed deliberate indifference and reckless disregard for the plaintiff's safety by failing to act reasonably" in response to danger.

23. The actions of defendant Cabraul in stopping the continued Constitutional infringement of plaintiff's Eighth Amendment rights to physical exercise, Constituted cruel and unusual punishment in violation of the eighth amendment

24. when they posed an unreasonable threat to the plaintiff's physical and mental health, and denied the plaintiff the due process of Law in violation of the Fourteenth Amendment to the United States Constitution.

25. The actions of defendants Bubreau, Lockhart and Mastrorilli, in failing to provide the plaintiff with access to the Law Library, access to legal materials, and an adequate legal assistance, violated the Due process Clause, the equal protection clause, the First Amendment, and the priviledges and Immunities Clause of Article IV of the Constitution.

<u>Relief Requested</u>

Wherefore, Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory Judgement stating that:

  Defendant Bubreau's failure to take action to stop the deprivations of the plaintiff's rights under the Eighth Amendment, and Fourteenth Amendment to the United States Constitution and constituted

2. Defendant Lockhart's actions in failing to provide adequate access to courts and exercise and freedom from violence, to the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an Injunction ordering defendants Cabral, Lockhart and Mastrorilli or their agents to:

1. Release the plaintiff from punitive unjustified treatment and punishment from 24 hour confinement to his cell, with restoration of all rights and priviledges;

2. Immediately arrange for all inmates to have an escort from and to hospital unit, and a designated area to hold all protective custody inmates during their medical appointments.

3. Immediately compensate the plaintiff (7½) days of earned good time, for the deprivations of curriculum activities and programs afforded to the plaintiff.

C. Award compensatory damages in the following amounts:
1. $100,000 jointly and severally against defendants Cabral, Lockhart and Mastrorilli, for the physical and emotional injuries sustained as a result of the plaintiff's

2. $50,000 jointly and severally against defendants Cabral, Lockhart and Mastrorilli, for the punishment and emotional injury resulting from their denial of due process in connection with the plaintiff's access to courts and exercise.

D. Award punitive damages in the following amounts:
1. $20,000 each against defendants Cabral, Lockhart and Mastrorilli;
2. $10,000 each against defendants Cabral and Mastrorilli;
3. $20,000 each against defendants Cabral and Lockhart.

E. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,

*Mr. Duran Irvin (Pro Se),*
Mr. Duran Irvin (Pro Se),
25 - Bradston St.,
Boston, Ma. 02118.

Dated. 12-20-03